UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WENDELL HARRISON, | ) | 1:03-cv-05005-AWI-SMS-HC |
| | ) | |
| Petitioner, | ) | **ORDER ADOPTING FINDINGS AND** |
| | ) | **RECOMMENDATIONS** (Doc. 25) |
| v. | ) | |
| | ) | **ORDER DENYING PETITION FOR** |
| YARBOROUGH, | ) | **WRIT OF HABEAS CORPUS** |
| | ) | |
| Respondent. | ) | **ORDER DIRECTING CLERK TO ENTER** |
| | ) | **JUDGMENT IN FAVOR OF RESPONDENT** |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

On September 21, 2005, the Magistrate Judge filed Findings and Recommendations that the Petition for Writ of Habeas Corpus be DENIED, and that judgment be entered in favor of Respondent.  These Findings and Recommendations were served on all parties and contained notice that any objections were to be filed within thirty (30) days from the date of service of that order.  On October 11, 2005, Petitioner filed objections to the Findings and Recommendations.

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendations are supported by the record and proper analysis. Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis.

In his objections, with respect to Petitioner's due process challenge to the imposition of the stun-belt placed upon Petitioner during trial, Petitioner contends that the trial court did not make the requisite factual finding that the restraint was necessary. As stated in the Findings and Recommendations, the trial court conducted a hearing, albeit after the restraints were placed on Petitioner, and determined that based on the fact that the restraint was not visible, Petitioner had "previously engaged in assaultive behavior while in custody, had glared at the prosecutor during trial, and did not maintain a good working relationship with the bailiff in the courtroom," the restraint was justified. (F&R at 14.)

Even if the trial court's justification is questionable under existing Ninth Circuit authority, i.e. <u>Gonzalez v. Pliler</u>, 341 F.3d 897 (9th Cir. 2003),[1] there is no resulting prejudice and Petitioner's claim fails on that basis.[2] Under <u>Brecht v.</u>

---

[1] In the § 2254 context, Ninth Circuit precedent is persuasive authority in determining what is clearly established federal law. See <u>Duhaime v. Ducharme</u>, 200 F.3d 597, 600-01 (9th Cir. 1999) (stating that Ninth Circuit case law may be used to help determine clearly established federal law.)

[2] With regard to the pursuit of less restrictive alternatives, although it is not entirely clear from reviewing the record, it appears that a lesser restraint was not considered because Petitioner objected to all forms of restraint and, at

2

Abrahamson, 507 U.S. 619, 113 S.Ct. 1710 (1993), the error must have had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht, 507 U.S. at 623(*quoting* Kotteakos v. United States, 328 U.S. 750, 776, 66 S.Ct. 1239, 1253 (1946)). In order for an error to have a "substantial and injurious effect or influence," it must have "affected the verdict." O'Neal v. McAnnich, 513 U.S. 432, 115 S.Ct. 992, (1995).

    Petitioner has made no showing that he suffered any prejudice as a result of the stun-belt being placed upon him. As stated in the Findings and Recommendations, although the stun-belt was activated while the jury was deliberating and Petitioner screamed, Petitioner has adduced no evidence that the jurors heard or attributed the scream to Petitioner, or were in any way influenced by the activation. In fact, as noted in the Findings and Recommendations, all evidence indicates the activation had no impact on the jury's verdict. Subsequent to the activation, the jurors requested read-back of several witnesses testimony and review of exhibits and, at one point, indicated that they were dead-locked. (F&R's at 15, n.7.) This conduct greatly diminishes Petitioner's claim that he was somehow prejudiced by the accidental activation.

    In the objections, Petitioner again states that he was psychologically restrained by the stun-belt. This bare allegation is insufficient to show prejudice. Plaintiff fails to provide evidence as to what information he could have relayed to his attorney or the court that would have affected his case had he

---

Petitioner's request, the shackles and handcuffs were removed. *See* RT 184.

3

1  not been placed in the stun-belt.
2      Accordingly, IT IS HEREBY ORDERED that:
3      1.    The Findings and Recommendations, filed September 21,
4  2005, are ADOPTED IN FULL;
5      2.    The Petition for Writ of Habeas Corpus is DENIED; and,
6      3.    The Clerk of Court enter judgment in favor of Respondent.

IT IS SO ORDERED.

**Dated:   March 21, 2006**         **/s/ Anthony W. Ishii**
0m8i78                              UNITED STATES DISTRICT JUDGE