IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDELL HARRISON, | CASE NO. CV-F-03-5005 AWI SMS HC |
| Petitioner, | ORDER GRANTING IN PART PETITIONER'S REQUEST FOR A CERTIFICATE OF APPEALABILITY |
| vs. | |
| YARBOROUGH, | [Doc. 34] |
| Respondent. | |

On March 22, 2006, the undersigned adopted the Magistrate Judge's Findings and Recommendations and denied Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Clerk of the Court entered judgment in favor of Respondent the same date.

On April 4, 2006, Petitioner filed a notice of appeal, along with a request for a certificate of appealability.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the

validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists could find the Court's determination on Petitioner's claim alleging a due process violation regarding the placement of the stun-belt is debatable and deserving of encouragement to proceed further.  Based on prior Ninth Circuit authority, it is possible the Ninth Circuit will agree with Petitioner that placement of the stun-belt violated Petitioner's due process rights because the trial court did not make the requisite factual finding that the restraint was necessary.  Accordingly, the Court hereby GRANTS Petitioner's motion for a certificate of appealability on Petitioner's claim regarding the stun belt.  The Court DENIES Petitioner's motion for certificate of appealability in all other respects.

IT IS SO ORDERED.

**Dated:     May 26, 2006**                              **/s/ Anthony W. Ishii**
0m8i78                                                              UNITED STATES DISTRICT JUDGE